**Sharon E. FISCUS and Dewayne Wuestenberg, Appellants (Plaintiffs),**

v.

**ATLANTIC RICHFIELD COMPANY, a Delaware corporation, formerly a Pennsylvania corporation, Appellee (Defendant).**

No. 87–47.

Supreme Court of Wyoming.

Sept. 8, 1987.

J. Douglas McCalla (argued), of Spence, Moriarity & Schuster, Jackson, for appellants.

Patrick R. Day (argued), Cheyenne, Jane Michaels of Holland & Hart, and Russell S. Jones, Denver, Colo., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT, and MACY, JJ.

CARDINE, Justice.

This appeal is from an order granting Atlantic Richfield Company's Rule 12(b)(6), W.R.C.P. motion to dismiss appellants' second complaint.

We reverse.

The issues presented for our determination are, as stated by appellants:

"I. Whether two separate and distinct corporate entities are entitled to constitutional and statutory immunity under Wyoming's worker's compensation laws?

"II. Did appellants' complaint adequately state a cause of action against Atlantic Richfield for breach of an independent duty of care to the appellants?"

Appellant, Sharon Fiscus, was injured while employed by Thunder Basin Coal Company as a scraper operator at its mine near Gillette, Wyoming. Thunder Basin Coal Company is a corporate subsidiary of Atlantic Richfield Company, a Delaware corporation. Appellants' first complaint seeking damages for personal injuries was dismissed upon the Rule 12(b)(6) motions of Thunder Basin Coal Company and Atlantic Richfield Company for failure to state a claim upon which relief could be granted.

The order of dismissal as to Thunder Basin Coal Company was *with prejudice*, the court finding:

"B. The Plaintiffs allege that Thunder Basin Coal Company was Plaintiff Sharon Fiscus' employer and that her injuries were sustained while she was acting within the scope of her employment for Thunder Basin Coal Company. Plaintiffs admit, and the Court finds, that Plaintiff Sharon Fiscus has applied for and received a substantial amount of worker's compensation benefits from Thunder Basin Coal Company.

"C. Under W.S. § 27–12–103 and the Wyoming Constitution Article 10, Section 4, Defendant Thunder Basin Coal Company is immune from suit from all causes of action relating to and arising out of Plaintiff Sharon Fiscus' employment at the Thunder Basin Coal Company mine."

The order of dismissal as to Atlantic Richfield Company was *without prejudice*, the court stating:

"A. Plaintiffs allege that Thunder Basin Coal Company is a wholly owned subsidiary of Defendant Atlantic Richfield Company and that Atlantic Richfield Company retained and exercised actual control over all of Thunder Basin Coal Company's day-to-day operations, encompassing all matters relating to operation of the mine, including safety, maintenance and training. Deeming these allegations to be true, the Court finds that Thunder Basin Coal Company and Atlantic Richfield Company are to be treated as a single entity and that Atlantic Richfield Company has assumed all the duties of an employer and is, in effect, Plaintiff's employer. Atlantic Richfield is therefore entitled to immunity from suit under Wyoming Worker's Compensation Law."

The order of dismissal being without prejudice, appellants filed a second complaint against Atlantic Richfield Company only. This complaint was also dismissed upon Atlantic Richfield Company's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted. This time, the order of dismissal was *with prejudice*, the court stating:

"On October 8, 1986, Plaintiffs filed the present Complaint against Defendant ARCO, designated Civil Action No. 15592. In this Complaint, the Plaintiff alleges ARCO is the operator of the Black Thunder Mine and is charged with all the duties of, and is, Sharon Fiscus' employer. Reading the Complaint as a whole, and in light of this Court's prior Order in Civil Action No. 15391, the Court finds that the Plaintiffs have not alleged any conduct by Defendant ARCO, independent and distinct from the acts of Thunder Basin Coal Company and its employees, which would give rise to an independent assumption and breach of a duty to Plaintiffs by ARCO. Plaintiffs have in substance realleged the same control theory rejected by this Court in the prior action. Under the law cited in ARCO's memorandum brief, not disputed

by the Plaintiffs, the allegations of the Complaint, if true, provide ARCO immunity from suit by Sharon Fiscus under Wyoming's Worker's Compensation Act. And, since DeWayne Wuestenberg's claims are derivative of hers, his claim must fail also."

The trial court's initial order dismissing Thunder Basin Coal Company stated:

"Under W.S. § 27–12–103 and the Wyoming Constitution Article 10, Section 4, *Defendant Thunder Basin Coal Company is immune from suit* from all causes of action relating to and arising out of Plaintiff Sharon Fiscus' employment at the Thunder Basin Coal Company mine." (Emphasis added.)

Article 10, § 4 of the Wyoming Constitution states:

"The right of each employee to compensation from such fund shall be in lieu of and shall take the place of any and all rights of action against *any employer contributing as required by law to such fund* in favor of any person or persons by reason of any such injuries or death." (Emphasis added.)

Section 27–12–103(a), W.S.1977, provides:

"The rights and remedies provided in this act [§§ 27–12–101 through 27–12–804] for an employee and his dependents for injuries incurred in extrahazardous employments are in lieu of all other rights and remedies against *any employer making contributions* required by this act, or his employees acting within the scope of their employment unless the employees are culpably negligent, but do not supersede any rights and remedies available to an employee and his dependents against any other person." (Emphasis added.)

In the case of *Bence v. Pacific Power and Light Company*, Wyo., 631 P.2d 13 (1981), the issue was whether Pacific Power and Light Company, as a surety for its subcontractor's payments to the worker's compensation fund, should be granted immunity. We said in *Bence v. Pacific Power and Light Company*, supra, that

"immunity provisions in the Wyoming Worker's Compensation Act, will be narrowly construed.

\* \* \* \* \* \*

"The statute does not grant immunity to those responsible for making payments to the fund nor does it say anything about granting immunity to those having a potential liability to the fund. The grant of immunity is set out in § 27–50, W.S.1957, and *extends to 'any employer contributing, as required by law.'*" (Emphasis added.) 631 P.2d at 15, 18.

We held that to obtain immunity under *Bence v. Pacific Power and Light Company*, supra, the entity must be (1) an employer, (2) that pays into the worker's compensation fund, (3) as required by law. The trial court, in dismissing Thunder Basin Coal Company from appellants' suit with prejudice, found that Thunder Basin Coal Company was Sharon Fiscus' employer, had made contributions as required by law and was entitled to immunity. We agree.

■ Atlantic Richfield Company claims the immunity of the Worker's Compensation Act also as an employer of appellant Sharon Fiscus. In considering a Rule 12(b)(6) motion to dismiss, we look to the allegations of the complaint in determining whether or not a claim is stated upon which relief can be granted. Appellants' complaint alleges in paragraph 2:

"2. On or about March 16, 1983, Plaintiff Sharon Fiscus was working in Campbell County, Wyoming, *as an employee of Thunder Basin Coal Company*, a Delaware Corporation, and a subsidiary of Atlantic Richfield Company (hereinafter Atlantic Richfield), a Delaware Corporation, formerly a Pennsylvania corporation." (Emphasis added.)

Appellants clearly alleged that Sharon Fiscus was an employee of Thunder Basin Coal Company and that Thunder Basin Coal Company was a subsidiary corporation of Atlantic Richfield Company, a Delaware corporation. Atlantic Richfield Company was not an employer of Sharon Fiscus contributing to the worker's compensation fund. Immunity from suit based on worker's compensation laws is, therefore, not

available to the parent company that does not contribute under the clear and unambiguous provisions of our constitution and worker's compensation statutes, § 27–12–103, supra. 81 Am.Jur.2d Workmen's Compensation § 60. When faced with similar issues involving parent and subsidiary corporations, a majority of courts have refused to disturb the corporate distinction between parent and subsidiary. *Boggs v. Blue Diamond Coal Company*, 590 F.2d 655 (6th Cir.1979); *Peterson v. Trailways, Inc.*, 555 F.Supp. 827 (D.Colo.1983); *Love v. Flour Mills of America*, 647 F.2d 1058 (10th Cir.1981); *Stoddard v. Ling-Temco-Vought, Inc.*, 513 F.Supp. 314 (C.D.Cal. 1980); *O'Brien v. Grumman Corp.*, 475 F.Supp. 284 (S.D.N.Y.1979); *Latham v. Technar, Inc.*, 390 F.Supp. 1031 (E.D.Tenn. 1974); *Thomas v. Hycon, Inc.*, 244 F.Supp. 151 (D.D.C.1965); *Samaras v. GATX Leasing Corp.*, 75 A.D.2d 890, 428 N.Y.S.2d 48 (1980).

In *Boggs v. Blue Diamond Coal Company*, supra, widows of coal miners who worked for a subsidiary corporation brought a wrongful death suit against the parent corporation. The parent corporation's (Blue Diamond) contention was that the Kentucky Worker's Compensation Act, which granted immunity to the employer-subsidiary should also grant immunity to the parent corporation. The court rejected Blue Diamond's proposition and reasoned:

"[A] business enterprise has a range of choice in controlling its own corporate structure. But reciprocal obligations arise as a result of the choice it makes. The owners may take advantage of the benefits of dividing a business into separate corporate parts, but principles of reciprocity require that courts also recognize the separate identities of the enterprises when sued by an injured employee." 590 F.2d at 662.

Thunder Basin Coal Company and Atlantic Richfield Company were separate corporate entities, one contributing to the fund and one not contributing to the Wyoming worker's compensation fund. Atlantic Richfield Company, not being an employer contributing to the fund as required by § 27–12–103, supra, is not provided immunity under the worker's compensation statutes.

■ We next determine whether appellants' second complaint against Atlantic Richfield Company stated a claim. Appellants' complaint alleged:

"10. Atlantic Richfield supervises the hiring, promotion, training and firing of employees at the Black Thunder Mine and specifically supervised the hiring and training of Sharon Fiscus' superiors. Furthermore, Atlantic Richfield must approve equipment purchases for the mine and when such purchases are made, Atlantic Richfield holds itself out to vendors as the operator of the Black Thunder Mine and refers to the mining operation as Atlantic Richfield's 'project.'

\*   \*   \*   \*   \*   \*

"16. As operator of the mine, Atlantic Richfield was responsible for inspecting and supervising the mining operations of the Black Thunder Mine. *Company hands from Atlantic Richfield were sent out to inspect the mine yet those supervisors or company hands failed to insure that the necessary repairs were made so as to provide workers, such as Sharon Fiscus, with a safe work place.*

\*   \*   \*   \*   \*   \*

"C. Atlantic Richfield purchased and owned the equipment on which Sharon Fiscus was injured and was directly or indirectly responsible for maintaining the safety of such equipment. Atlantic Richfield failed to properly and safely maintain its equipment. (Emphasis added.)

Appellee states in its brief that

"[a] parent corporation can be liable in tort *only* if it has independently assumed and breached a duty distinct from that charged to the subsidiary." (Emphasis in original.)

We fully agree with appellee's statement. Without commenting upon the merits of appellants' claim as stated in the complaint, we conclude that the allegations were sufficient to state a claim upon which relief could be granted. In *Jones v. Chevron U.S.A., Inc.*, Wyo., 718 P.2d 890, 896 (1986), we said:

"[A]n owner of a work site who retains the right to direct the manner of an

independent contractor's performance or assumes affirmative duties with respect to safety owes a duty of reasonable care to an employee of the independent contractor even if the employee is injured doing the very work the contractor was hired to perform."

In appropriate circumstances, the same would be true of a parent corporation that undertakes to control some of the activities of its subsidiary. In *Ogle v. Caterpillar Tractor Co.*, Wyo., 716 P.2d 334 (1986), we recognized a claim for damages resulting from personal injuries caused by defective machinery. Here, it is alleged that Atlantic Richfield Company owned and supplied the defective machinery involved in this accident. If Atlantic Richfield Company undertook to supply equipment for the job, it assumed a duty of due care in this undertaking, a breach of which may establish a claim. Again, appellee states in its brief:

"In Boggs, for example, employees of the parent corporation visited the subsidiary's mine and directed changes in placement of ventilation shafts which ultimately led to an explosion. Since the parent company, acting on its own, had taken upon itself a duty in its own right, the Sixth Circuit held it could be liable as a third-party defendant. The liability of the parent was based on its own positive undertaking, not on allegations of 'control' over the subsidiary. See, *Mitchell v. Shell Oil Co.*, [579 F.Supp. 1326, 1331–1332 (D.Mont.1984)]."

Again, we agree with appellee. Appellants' pleading contains allegations that describe duties assumed by appellee in its own right. If there are other allegations seeking to place liability upon Atlantic Richfield Company as respondent superior for the activities of Thunder Basin Coal Company, they do not state a claim and are ignored by us. A corporation that chooses to carry on some of its business through a subsidiary corporation must gain some advantage in separateness, operation, perhaps tax consequences; otherwise, it would not create the subsidiary corporation. But with the advantage gained may come some potential liability. Thus, when the parent retains control of some part of the enterprise, it also retains responsibility; and it may have potential liability for the part it controls.

Rule 8(a)(1), W.R.C.P., requires that a pleading which sets forth a claim for relief, "shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief." Notice pleading is all that is required. Motions to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), W.R. C.P. are " 'sparingly granted and only if the averments in the pleading attacked disclose *with certainty the impossibility* of proving a claim upon which relief can be granted.' " (Emphasis added.) *State Highway Commission v. Bourne*, Wyo., 425 P.2d 59 (1967) (quoting 1A Barron and Holtzoff, Federal Practice and Procedure § 350, pp. 321–323 (1960)).

The United States Supreme Court in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) stated:

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Cited in *Torrey v. Twiford*, Wyo., 713 P.2d 1160 (1986).

The allegations of appellants' complaint concerning ownership and supplying of the alleged defective scraper involved in the accident and the allegations concerning the training of supervisors and responsibility for safety at the pleading stage at least state a claim upon which relief might be granted. Upon completion of further discovery, it may appear that in fact appellants cannot make out a claim and summary judgment is appropriate. We do not suggest that will be the case but only say at this point that appellants were entitled to proceed with the case upon the pleading filed.

Reversed and remanded.