Jon T. LANKFORD, Jon Engram Lankford, and Sarah Rose Lankford, By and Through Their Next Friend, Jon T. Lankford, Appellants (Plaintiffs),

v.

TRUE RANCHES, INC., a Wyoming Corporation, and True Ranches, a Partnership, Appellees (Defendants).

No. 91–82.

Supreme Court of Wyoming.

Dec. 23, 1991.

Rehearing Denied Feb. 4, 1992.

Robert R. Rose, Jr., and Robert R. Rose, III, of Spence, Moriarity & Schuster, Cheyenne, for appellants.

Richard E. Day and Stuart R. Day, of Williams, Porter, Day & Neville, Casper, for appellees.

Before THOMAS, CARDINE, MACY and GOLDEN, JJ., and ROONEY, J., Retired.

ROONEY, Justice, Retired.

In this appeal from a summary judgment entered against them in the district court, appellants word the issues on appeal:

"I. Is True Ranches, a partnership, a 'contributing employer' as contemplated by W.S. § 27–12–103(a), of the Wyoming Worker's Compensation Act, and Article 10, § 4 of the Wyoming Constitution, and therefore immune from suit for negligence?

"II. Does a genuine issue of material fact exist as to whether True Ranches, a partnership, negligently injured Plaintiff–Appellant Jon T. Lankford?

"III. Does a genuine issue of material fact exist as to whether Plaintiff–Appellant Jon T. Lankford was wrongfully terminated from his employment with True Ranches, a partnership?

"IV. Were the claims of the minor children concerning parental consortium properly disposed of by summary judgment?"

Appellees word them:.

"I. Is True Ranches, a partnership, entitled to immunity as an employer in accordance with the provision of the Wyoming Worker's Compensation Act and the Wyoming Constitution and the case law thereunder?

"II. Did the district court correctly find that there are no genuine issues of material fact that plaintiff Jon Lankford was an 'at-will' employee of True Ranches and that, as such, he could be discharged for any reason or no reason at all?"

We affirm.

As reflected in the issues formulated by appellants in their brief and argued before this court, they have abandoned any claim against appellee True Ranches, Inc., a Wyoming corporation, since appellant Jon T. Lankford (hereinafter referred to as "Jon") was employed at the time of his injury only by appellee True Ranches, a partnership (hereinafter referred to as "True").

On September 9, 1986, while in the employ of True, Jon was injured when he caught his hand in an auger machine while grinding corn. He had opened a sliding door on the machine to check the flow of corn when he was distracted by the fighting of two dogs behind him. As he turned around he fell backwards and his left hand went into the machine through the open sliding door. The auger severed three of his fingers and otherwise cut and incapacitated the hand.

The resulting medical expenses were paid through Worker's Compensation. Jon recuperated for a substantial period of time. When he did report to True for

work, he was told that his employment had been terminated.

## IMMUNITY

An employer's immunity from liability for injuries to employees incurred during employment is established by Article 10, § 4 of the Wyoming Constitution; which states in pertinent part:

"The right of each employee to compensation from the [Worker's Compensation] fund shall be in lieu of and shall take the place of any and all rights of action against any employer contributing as required by law to the fund in favor of any person or persons by reason of the injuries or death."

The implementing statute, Wyo.Stat. § 27–12–103(a) (1977), which was in effect at the time of Jon's injury, provided in pertinent part:

"The rights and remedies provided in this act for an employee and his dependents for injuries incurred in extrahazardous employments are in lieu of all other rights and remedies against any employer making contributions required by this act, * * *."

(The statutory language was amended effective July 1, 1987, to insert after the word "employee," the words "including any joint employee," and to insert after the word "employer," the words "and any joint employer." It is now contained in Wyo. Stat. § 27–14–104 (1991).

In a very recent case, *Clark v. The Industrial Company of Steamboat Springs, Inc.*, 818 P.2d 626, 629 (Wyo.1991), we said in part:

"The immunity provisions of the Worker's Compensation Act are to be narrowly construed. *Fiscus v. Atlantic Richfield Company*, 742 P.2d 198, 200 (Wyo. 1987), appeal after remand 773 P.2d 158 (1989). An entity asserting the defense of immunity under the worker's compensation statute must establish that it is (1) an employer, (2) who pays into the worker's compensation fund, (3) as required by law. *See Stratman v. Admiral Beverage Corporation*, 760 P.2d 974, 979 (Wyo.1988); *Fiscus*, 742 P.2d at 200."

As already noted, appellants acknowledge True was Jon's employer at the time of the injury, and the uncontradicted affidavit and deposition testimony before the trial court reflected that True made the required payments through a combination fund. Appellants contend, however, that the third requirement for immunity was not met inasmuch as the payments were not "as required by law." They argue that the law requires payment to be made either (1) in conjunction with a "joint employer," or (2) by the employer itself, and that True's payments were not here made in either fashion.

■ Without addressing the validity of the contention that the law requires payments to be made in one of the two listed methods, appellants are wrong in contending that the payments were not made by the employer itself. They are correct that Jon's employment was not "joint." He was employed by only one employer, i.e., True, and his work was controlled only by that employer. As defined in Wyo.Stat. § 27–14–102(a)(xix) and (xxi) (1991):

"(xix) 'Joint employer' means any person, firm, corporation or other entity which employs joint employees, is associated by ownership, commonly managed or controlled and contributes to the worker's compensation account as required by this act;

* * * * * *

"(xxi) 'Joint employee' means any person:

(A) Who has an express or implied contract for employment with more than one (1) joint employer at the same time;

(B) Whose work is controlled by more than one (1) joint employer; and

(C) Who is engaged in the performance of work for more than one (1) joint employer."

The special statutory provisions for "joint" employees are necessary because of the difficulty in ascertaining the responsible account in event of injury to one employed by two or more employers at the same time. The same difficulty does not

exist when the employment is by a single employer for whom the work is done and who controls the performance of the work.

As a bookkeeping procedure, and in the interest of efficiency and economy, it has long been recognized that employers under common ownership and control can submit the necessary reports and payments to the Division under one account. Wyo.Stat. § 27–14–202(d) (1991) provides in pertinent part:

> "*Any employer* or joint employer *contributing as required by this act and employing employees* or joint employees *covered by this act who elects to report the payrolls under one (1) consolidated Wyoming worker's compensation account shall be treated as a single employer for all purposes of this act.*"[1] (Emphasis added.)

True made that election. It must be treated as having made the necessary contributions itself. But even without the provision in the statute, payments were obviously made by True itself. It did not deliver the payments in person or personally place them in the mail. The payment money may not have come directly from True's pocketbook any more than it would if True had borrowed money from a bank with which to make the payments, or if an independent accountant or bookkeeper was keeping True's records and submitting the reports and payments for it. The record reflected that True's reports and payments were made and submitted by True Drilling Company, together with that of other entities under the common control of the True family. True reimbursed the drilling company for the amount paid on its behalf. Thus, the payments were made by True.

Whether "employer" is considered to be True alone or is considered to be the account group of which True is a member (treated as a single employer per Wyo.Stat. § 27–14–202(d) quoted *supra*), the reports and contributions were made as required by the Wyoming Worker's Compensation Act.

Wyo.Stat. § 27–14–102(a) (1991) provides in pertinent part:

> "(xx) *'Employer making contributions required by this act'* means the *employee's employer* and any joint employer *when the employer* or any joint employer *reports the employee's wages to the division* on an account or *through a consolidated worker's compensation account and contributions are made to the fund as required by this act*;

> \* \* \* \* \* \*

> "(xxii) *'Consolidated Wyoming worker's compensation account'* means an account maintained by the Wyoming workers' compensation division to which an employer reports the wages of its employees and joint employees *for its own account* and the account of its joint employers, *pursuant to which contributions are made to the fund as required by this act*[.]"

The payments were made as required by law, i.e., they were in the amount required for the different classifications of employees; the required employment data was furnished; classification of employees, names of employees, employment dates, social security numbers, wages, etc. were furnished; the designated forms were used; and, the specific employer of each employee was indicated. The reports were certified or affirmed by one having knowledge of the payrolls as required by Wyo.Stat. § 27–14–202(a).

From a practical standpoint, there is nothing negative about the use of a combined account as done here. It is simply a bookkeeping procedure. It is in accord with the constitutional and statutory purpose of worker's compensation. In this instance, it worked. The Worker's Compensation Division was advised that Jon was employed by True and payment was made into the fund in the proper amount required for his classification. Jon received the medical services for which worker's compensation exists. Combined ac-

---

1. The procedure was recognized in *Stratman v. Admiral Beverage Corporation,* 760 P.2d 974 (Wyo.1988).

counts save labor and expense for the Worker's Compensation Division. The use of a combined account is not new. Other employers pay through a combined account. Entities under common control of the True family, with consent and approval of the Division, established a combined account with the Division as long ago as 1977. On December 9, 1983, True (appellee partnership) made application to be included in the True family combined account. The Division accepted and approved the inclusion, and payments have been made accordingly since that time.

The trial court properly found there was no issue of a material fact with reference to the existence of True's immunity in this case and that True should have judgment on this issue as a matter of law.

## NEGLIGENCE AND CLAIMS OF DEPENDENTS

■ Appellants' claims for relief based on negligence must fail since True is afforded immunity against such claims.

## DISCHARGE

■ In its decision letter, the trial court found Jon to have been an "at will" employee of True, and "as such, he could be discharged for any reason or for no reason at all." Jon's employment *was* "at will" since the record reflected the nonexistence of a contract with definite terms of employment. The trial court correctly stated the law. An "at will" employment may be terminated at any time for any reasons or for no reason at all by either party. *Casper National Bank v. Curry*, 51 Wyo. 284, 65 P.2d 1116 (Wyo.1937); *Allen v. Safeway Stores, Inc.*, 699 P.2d 277 (Wyo.1985); *Mobil Coal Producing, Inc. v. Parks*, 704 P.2d 702 (Wyo.1985); *Nelson v. Crimson Enterprises, Inc.*, 777 P.2d 73 (Wyo.1989) and cases cited therein.

■ It is violative of public policy to discharge an employee for exercising his rights under the worker's compensation statutes, and an employee has available a claim for relief if such is done. *Griess v. Consolidated Freightways Corp. of Delaware*, 776 P.2d 752 (Wyo.1989).

■ Jon's claim for relief would be valid if there were no other legitimate reason for the termination. In this case, that before the trial court reflected that True had made the decision to discharge Jon prior to the accident. Additionally, Jon would not have been able to perform the work if his employment had been continued. In their brief, appellants acknowledge that subsequent to the accident "[t]he plaintiff was able to approach the general mill area, but was unable to get close to the actual grain bin where the accident occurred. He broke down and wept, and had to be physically removed from the vicinity of the bin." Such would indicate that the termination was because of Jon's inability to do the work and not because he exercised his rights under the worker's compensation statutes. Also, Jon's injuries prevented a return to work for over 18 months. True could not be expected to hold the position open that long. Thus, True had logical reasons having nothing to do with the exercise of Jon's worker's compensation rights for termination of Jon's employment. There was nothing before the trial court to indicate True did other than expect Jon to receive the benefits of the worker's compensation law and nothing to indicate the termination was because Jon exercised his rights to benefits. There is a distinction between a termination for the exercise by the worker of his rights under the worker's compensation law and a termination for inability to do the work, even if such inability is caused by an accident requiring the exercise of worker's compensation rights. The disability and partial disability benefits of the worker's compensation law are in recognition of this distinction.

The summary judgment on this issue was proper, since there was nothing before the trial court to indicate the termination to have been wrongful because of a violation of public policy.

Affirmed.