Donna LINCOLN, Appellant (Plaintiff),

v.

WACKENHUT CORPORATION,
Appellee (Defendant).

No. 93–84.

Supreme Court of Wyoming.

Jan. 25, 1994.

Earl R. Johnson, Jr., Casper, for appellant.

Roger E. Shumate of Murane & Bostwick, Casper, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

TAYLOR, Justice.

A terminated security officer filed this action seeking damages from her former employer for breach of contract and tortious conduct. The security officer claims her former employer breached an implied in fact contract of employment by terminating her without following disciplinary procedures contained in an employee handbook. The district court granted summary judgment in favor of the former employer.

We affirm.

## I. ISSUES

Appellant frames two issues:

### A. SUMMARY JUDGMENT QUESTION

Did the trial court err in granting summary judgment by failure to apply the correct standards for determination of summary judgment and by the finding that there were no issues of material fact?

### B. EMPLOYMENT CONTRACT QUESTION

Did the trial court err in granting summary judgment by finding that there was no binding labor contract established between the parties by the terms of the Wackenhut Security Officer Handbook?

## II. FACTS

The Wackenhut Corporation (Wackenhut) employed Donna Lincoln (Lincoln) as a security officer. Wackenhut provided security services, under contract, to various corporations. In June of 1983, Wackenhut assigned Lincoln to work at the Amoco Oil Company Refinery (Amoco) in Natrona County, Wyoming. As a Wackenhut employee, Lincoln was required to follow a "chain of command" to address security problems or work-related incidents at Amoco. The "chain of command" required information to be presented to a list of Wackenhut supervisors. Only in the event of "an immediate problem during nights and weekends * * *" was a Wackenhut security officer permitted to contact an Amoco supervisor directly.

On March 25, 1991, Wackenhut suspended Lincoln's employment. Amoco's Security Supervisor had requested Lincoln be replaced because of unsatisfactory performance. Four days later, Wackenhut terminated Lincoln. Wackenhut said the termination followed repeated violations of the "chain of command" policy.

After her termination, Lincoln filed this action in district court seeking damages from Wackenhut for breach of her employment contract, breach of the implied covenant of good faith and fair dealing, and negligence. Lincoln averred that under terms of the Wackenhut Security Officer Handbook (hereinafter Wackenhut handbook), Wackenhut had failed to follow its discipline procedure. Lincoln also maintained that she was terminated without specific charges of misconduct.

Wackenhut answered that, despite the fact Lincoln was terminated for cause, she was at all times an employee at will who could be terminated at any time, for any reason or for no reason. After more than a year of discovery proceedings, Wackenhut filed a motion for summary judgment. Wackenhut claimed that the Wackenhut handbook contained a conspicuous disclaimer provision which preserved employment at will.

The district court granted summary judgment in favor of Wackenhut. The district court ruled that the Wackenhut handbook disclaimer was conspicuous as a matter of law. Prior to the district court's decision, Lincoln voluntarily dismissed her cause of action for breach of the implied covenant of good faith and fair dealing. This appeal followed.

## III. DISCUSSION

■ This court will affirm a summary judgment when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. W.R.C.P. 56(c). "An issue of material fact exists when a disputed fact, if proven, would have the

effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the litigants." *Keehn v. Town of Torrington*, 834 P.2d 112, 114 (Wyo. 1992). Interpretation of an unambiguous contract is a question of law for the court; therefore, summary judgment is appropriate for disputes relating to such a contract. *Prudential Preferred Properties v. J and J Ventures, Inc.*, 859 P.2d 1267, 1271 (Wyo. 1993); *Continental Ins. v. Page Engineering Co.*, 783 P.2d 641, 651 (Wyo.1989).

■ In Wyoming, employment at will permits either party to terminate a contract of employment, which is for an indefinite duration, at any time, for any reason or for no reason at all. *Wilder v. Cody Country Chamber of Commerce*, — P.2d —, —, slip op. at 6 (Wyo.1994) (No. 93–22, decided 1/25/94); *Lankford v. True Ranches, Inc.*, 822 P.2d 868, 872 (Wyo.1991). However, in *Mobil Coal Producing, Inc. v. Parks*, 704 P.2d 702, 706–07 (Wyo.1985), we found that an employee handbook or personnel manual may supply terms for an implied in fact contract of employment. *See Wilder*, — P.2d at — (discussing enforceability of an implied in fact contract of employment). In particular, a systematic discipline procedure or other language in an employee handbook implying termination may be for cause only may defeat the rebuttable presumption that employment is at will. *Sanchez v. Life Care Centers of America, Inc.*, 855 P.2d 1256, 1257 (Wyo.1993).

■ Employers do have a means to avoid formation of an implied in fact contract of employment while still presenting the employee with useful information about required performance on the job. The employment at will presumption of Wyoming law may be sustained when unambiguous language disclaiming the formation of a contract is sufficiently conspicuous and present in documents that would otherwise comprise terms of an implied in fact contract of employment. *Sanchez*, 855 P.2d at 1259; *McDonald v. Mobil Coal Producing, Inc.*, 820 P.2d 986, 988 (Wyo.1991) (*McDonald II*).

■ When properly drafted, a sufficient disclaimer constitutes an express statement in the employment application and subsequent relevant documents, such as an employee handbook, that places the employee on notice that general statements or conduct do not promise employment security and are not to be relied upon by the employee. 1 Henry H. Perritt, Jr., *Employee Dismissal Law And Practice* § 4.25 at 310 (3rd ed. 1992). A conspicuous and unambiguous disclaimer would then make any reliance on the subsequent statements of the employer unreasonable. *Jones v. Central Peninsula General Hosp.*, 779 P.2d 783, 788 (Alaska 1989) (holding disclaimer in employee handbook which was not conspicuous and unambiguous failed to preserve at will employment status); *Hogge v. Champion Laboratories, Inc.*, 190 Ill.App.3d 620, 137 Ill.Dec. 912, 918, 546 N.E.2d 1025, 1031 (1989) (holding express disclaimer in employee handbook prevented reasonable reliance); *Fournier v. United States Fidelity & Guar. Co.*, 82 Md. App. 31, 569 A.2d 1299, 1304, *cert. denied*, 319 Md. 581, 573 A.2d 1337 (1990) (holding express disclaimer in application form prevented reasonable reliance). *See McDonald v. Mobil Coal Producing, Inc.*, 789 P.2d 866, 870 (Wyo.1990) (*McDonald I*).

In *McDonald II*, 820 P.2d at 988, the employer included a disclaimer in its employment application form stating that any offer would be for employment at will. In addition, a disclaimer was included within a welcoming statement contained on page one of an employee handbook. *Id.* at 989. The court applied a rule stated in *Jimenez v. Colorado Interstate Gas Co.*, 690 F.Supp. 977, 980 (D.Wyo.1988), and held that the disclaimers in the application form and employee handbook were not sufficiently conspicuous. *McDonald II*, 820 P.2d at 989.

Specifically, the *McDonald II* court pointed to deficiencies of the disclaimer in the employee handbook. Three factors were used to test both the conspicuous presence of the language and the unambiguous meaning of the language. First, the prominence of the text of the disclaimer was examined. The court concluded the text of the disclaimer was not set off such as by the use of a border or larger, contrasting print and it was not capitalized. *Id.* Second, the placement

of the disclaimer relative to the other text in the handbook was considered. The court found the disclaimer was contained within a welcoming section of the employee handbook rather than in a separate provision where a reasonable person ought to have noticed it. *Id.* Third, the language of the disclaimer was construed to determine whether it was unambiguous. The court decided that the language was unclear about the disclaimer's effect on the employment relationship. *Id.* As a result, under the objective theory of contract formation, the meaning and effect of the implied in fact contract of employment that may have been formed between the employer and the employee created a genuine issue of material fact which precluded summary judgment. *Id.* at 990–91.

Similarly, in *Sanchez,* 855 P.2d at 1259, this court held that a disclaimer included in the "Introduction" section of an employee handbook was not sufficient to preserve an employment at will relationship as a matter of law. Again, the three factors of prominence, placement and language outlined in *McDonald II* were used to test whether the disclaimer was conspicuous and unambiguous. The text of the disclaimer was not in bold lettering. *Sanchez,* 855 P.2d at 1259. The disclaimer was "buried" in the introductory paragraphs of the employee handbook. *Id.* The language of the disclaimer was ambiguous and other language in the handbook inferred termination would only be for cause. *Id.* The court held that the meaning and effect of the employment relationship was an unresolved mixed question of law and fact which precluded summary judgment. *Id.*

Applying the teachings of *McDonald II* and *Sanchez,* the summary judgment in favor of Wackenhut on the breach of contract claim will be affirmed if we determine, as a matter of law, that the language of the Wackenhut handbook provision disclaiming the formation of any implied in fact contract of employment is sufficiently conspicuous and unambiguous to preserve an employment at will relationship.

Lincoln does not contend that she was hired as other than an employee at will. Instead, she argues that the discipline procedure of the Wackenhut handbook constituted a term of an implied in fact contract of employment which modified her at will status to that of an employee subject to termination for cause only and with certain procedural rights. However, if the Wackenhut handbook disclaimer is conspicuous and unambiguous as a matter of law, then it would constitute an effective notice to Lincoln that Wackenhut did not promise to abide by the discipline procedure in terminating at will employees and any reliance would have been unreasonable.

The Wackenhut handbook contains the following language:

*WACKENHUT*

*SECURITY OFFICER HANDBOOK*

*THIS HANDBOOK IS INTENDED AS A GUIDE FOR THE EFFICIENT AND PROFESSIONAL PERFORMANCE OF YOUR JOB. NOTHING HEREIN CONTAINED SHALL BE CONSTRUED TO BE A CONTRACT BETWEEN THE EMPLOYER AND THE EMPLOYEE. ADDITIONALLY, THIS HANDBOOK IS NOT TO BE CONSTRUED BY ANY EMPLOYEE AS CONTAINING BINDING TERMS AND CONDITIONS OF EMPLOYMENT. THE COMPANY RETAINS THE ABSOLUTE RIGHT TO TERMINATE ANY EMPLOYEE, AT ANY TIME, WITH OR WITHOUT GOOD CAUSE. MANAGEMENT RETAINS THE RIGHT TO CHANGE THE CONTENTS OF THIS HANDBOOK AS IT DEEMS NECESSARY, WITH OR WITHOUT NOTICE.*

The application of the factors identified in *McDonald II* to the language of the Wackenhut handbook reveals that this disclaimer is conspicuous and unambiguous as a matter of law. *McDonald II,* 820 P.2d at 989.

First, the text of the disclaimer is prominent. The lettering is approximately twice the size of the lettering used for the remaining text in the Wackenhut handbook. The lettering is also in bold print and it is capitalized.

Second, the placement of the disclaimer is such that a reasonable person ought to notice it. The disclaimer is contained on the

first interior page of the Wackenhut handbook. The disclaimer is the first text a reader would find after opening the cover. No other text or material appears on that page.

THIRD, THE LANGUAGE DISCLAIMING THE FORMATION OF ANY IMPLIED IN FACT CONTRACT OF EMPLOYMENT IS SUFFICIENTLY UNAMBIGUOUS TO CONSTITUTE AN EFFECTIVE NOTICE TO A REASONABLE PERSON THAT NO PROMISES MODIFYING THE EXISTING CONTRACT FOR EMPLOYMENT AT WILL ARE OFFERED. The disclaimer specifically informs the employee that no contract is being formed and no binding terms or conditions of employment are being stated. The disclaimer acknowledges that employment is at will and may be terminated "at any time, with or without good cause."

FINALLY, THE DISCLAIMER PRESERVES WACKENHUT'S RIGHT TO ALTER THE LANGUAGE OF THE HANDBOOK. Therefore, Wackenhut was free to terminate Lincoln's employment without cause and without adhering to the discipline procedure of the Wackenhut handbook.

■ Lincoln argues that because she was not provided with an individual copy of the Wackenhut handbook with a copyright date of 1986, summary judgment was inappropriate. We agree that a careful employer should provide each employee with an individual copy of an employee handbook or personnel policy manual at the time of employment and at any time the contents are revised or policies changed. Additionally, some employers may find it appropriate to have employees sign acknowledgement statements indicating they are aware of any language disclaiming the formation of an implied in fact contract of employment. *See*

*Sanchez*, 855 P.2d at 1258. Wackenhut did not take these precautions. However, Lincoln admits that she did read the first several pages of the Wackenhut handbook at her work station after the 1986 version was available. Therefore, she had notice of the disclaimer prior to her termination.

■ We find it unnecessary to address the district court's grant of summary judgment in favor of Wackenhut on the negligence cause of action. On appeal, Lincoln failed to state any issue or provide any argument regarding this claim. This court will not consider issues presented without cogent argument and citation to authority. *Triton Coal Co., Inc. v. Mobil Coal Producing, Inc.*, 800 P.2d 505, 512 (Wyo.1990); *Smith v. Ensley*, 752 P.2d 1374, 1377 (Wyo.1988).

## IV. CONCLUSION

Lincoln was hired as an at will employee. While the provisions of the Wackenhut handbook do describe a discipline procedure, a conspicuous and unambiguous disclaimer provided sufficient notice to a reasonable person that no terms were stated for an implied in fact contract of employment. As a result, Wackenhut was free to terminate Lincoln as an at will employee.

The decision of the district court is affirmed.