**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 22 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JEFF A. BAKER,

      Plaintiff-Appellant,

v.

GENERAL CHEMICAL
CORPORATION, a Delaware
Corporation,

      Defendant-Appellee.

No. 97-8036
(D.C. No. 96-CV-51-D)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This appeal arises from plaintiff's diversity action against defendant for wrongful termination, promissory estoppel, misrepresentation, interference with advantageous business relations, and breach of the implied covenant of good faith and fair dealing. The district court dismissed all but the promissory estoppel claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and it denied plaintiff's motion for leave to amend his complaint. Defendant moved for summary judgment on the promissory estoppel claim, and the district court granted the motion.

We review the district court's 12(b)(6) dismissals de novo. See Chemical Weapons Working Group, Inc. v. United States Dep't of the Army, 111 F.3d 1485, 1490 (10th Cir. 1997). We accept plaintiff's well-pleaded allegations as true, construe them in his favor, and will affirm the dismissal of plaintiff's claims only if he can prove no set of facts that would entitle him to relief. See Yoder v. Honeywell, Inc., 104 F.3d 1215, 1224 (10th Cir. 1997). We also review the grant of summary judgment de novo, and, like the district court, we apply Fed. R. Civ. P. 56(c). See Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). We will affirm if, reading the factual record in the light most favorable to plaintiff, there is no genuine dispute as to any material fact and the defendant is entitled to judgment as a matter of law. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). Guided by these standards, we affirm.

Plaintiff holds a college degree in mechanical engineering from the University of Wyoming, his home state, and he was employed by Monsanto as a project engineer in Houston. Plaintiff enjoyed his work, but he and his family wished to relocate. Through a headhunter, plaintiff arranged an interview with defendant in Green River, Wyoming. Shortly after the interview, defendant extended a written offer of employment as the maintenance engineer at its Green River facility. Defendant also agreed to pay plaintiff's relocation expenses, which plaintiff agreed to reimburse in the event plaintiff voluntarily terminated his employment within one year. Plaintiff signed a Letter of Agreement regarding the relocation, specifically acknowledging that the "agreement shall not be construed as a guarantee of employment for any period of time following [his] relocation." App. at 222. Plaintiff accepted the job offer, resigned his position at Monsanto, and moved to Green River to assume the duties of his new job. Plaintiff stayed in the job one year to avoid repayment of the relocation expenses. One year after he accepted the job, plaintiff resigned and is now employed by another company.

We will first address the grant of summary judgment on plaintiff's promissory estoppel claim. Plaintiff claims that defendant's employees represented to him that he would be permanently employed as the only maintenance engineer and that he would be "in line" for the position of

superintendent of maintenance.  App. at 3.  Plaintiff complains that he was, in fact, hired as a planner and that was the job he performed.  He maintains that accepting and performing an inferior position to that which he was promised was detrimental to his engineering career.

To establish a claim for promissory estoppel under Wyoming law, plaintiff must show three things:  (1) a clear and definite agreement existed; (2) he acted to his detriment in reasonable reliance on the agreement; and (3) the equities support enforcement of the agreement.  See Terry v. Pioneer Press, Inc., 947 P.2d 273, 276-77 (Wyo. 1997); Duart v. FMC Wyoming Corp., 859 F. Supp. 1447, 1462 (D. Wyo. 1994), aff'd, 72 F.3d 117 (10th Cir. 1995).  We agree with the district court that the record in this case simply does not evidence that a clear and definite agreement existed.  Defendant extended a written offer of employment "as Maintenance Engineer at our Green River Soda Ash Operation."  App. at 221.  Nowhere in the record is there evidence of a clear and definite agreement that plaintiff would be the only maintenance engineer or that he would continue in that position permanently.  In fact, the job application plaintiff submitted specifically acknowledged that "this employment application and any other company documents are not contracts of employment and that any individual who is hired may voluntarily leave employment upon proper notice and may be discharged by General Chemical at any time with or without cause."  Id. at 177.  Neither is there

evidence of a clear and definite agreement that plaintiff would eventually assume the plant supervisor position. Plaintiff's claims that he did not perform the duties of maintenance engineer are also to no avail. There is no evidence of any clear and definite agreement regarding what duties plaintiff was to perform when defendant offered him the position of maintenance engineer.[1]

In addition to promissory estoppel, plaintiff claims he is entitled to relief on the similar basis of equitable estoppel. Plaintiff's complaint raises no such claim, and the district court did not address equitable estoppel. We, therefore, decline to address this claim raised for the first time on appeal. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

We now turn to plaintiff's claims that the district court erred in dismissing three of his claims under Fed. R. Civ. P. 12(b)(6).[2] Defendant argues that we lack

---

[1] Because we hold that plaintiff has not made the required showing of a clear and definite agreement, discussion of the remaining two requirements is not necessary. We note, however, that we also agree with the district court that plaintiff has not met the third requirement for relief under promissory estoppel. The record does not show that the equities support enforcement of any agreement: plaintiff and his family wished to relocate out of Texas, a goal which defendant facilitated and financed; plaintiff earned more money while employed by defendant than he had in his previous job; and plaintiff is currently employed with another company and, even though it may not be his ideal job, his present employment pays a higher base salary than his previous two jobs and offers other benefits he did not have with either defendant or Monsanto.

[2] The district court also dismissed count four of plaintiff's complaint, interference with advantageous business relations. Plaintiff does not argue on appeal that the district court erred in dismissing this claim, and, therefore, he has

(continued...)

-5-

jurisdiction to consider these claims because plaintiff did not specify in either his notice of appeal or the docketing statement that he was appealing from the district court's grant of defendant's motion to dismiss. Plaintiff's notice of appeal from the grant of summary judgment was sufficient to include appeal from all previously decided interlocutory orders, however; consequently, we will address the claims dismissed under 12(b)(6) and denial of the motion to amend. See Cole v. Ruidoso Municipal Sch., 43 F.3d 1373, 1382 n.7 (10th Cir 1994).

The district court was correct in dismissing plaintiff's claim for breach of the covenant of good faith and fair dealing. "An implied covenant of good faith and fair dealing is a substitute for an express or implied-in-fact promise by the employer and tests a defendant's compliance with a duty imposed by law rather than with a promise voluntarily made." Terry, 947 P.2d at 277. It applies only where a special relationship of trust and reliance exists between the employer and employee, a condition that is both rare and exceptional. See id. Such a relationship can be evidenced by the existence of "separate consideration, rights created by common law or statute, or rights accruing with longevity of service." Id. at 278; see also Duart, 859 F. Supp. at 1463. None of those factors are present in this case.

_____

[2](...continued)
waived the issue. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

-6-

The district court was also correct in dismissing plaintiff's breach of contract claim. Plaintiff argues that the at-will employment presumption was altered by defendant's promise of permanent employment. This is true only if plaintiff "supplied additional consideration or if the employment contract contains explicit language stating that [plaintiff] can only be terminated for cause." Terry, 947 P.2d at 276. Nothing in defendant's offer of employment or any other document alters the at-will presumption. The job application specifically acknowledges the at-will nature of the employment. In addition, the relocation agreement does not supply additional consideration. As was the case in Davis v. Wyoming Med. Ctr., Inc., 934 P.2d 1246, 1250-51 (Wyo. 1997), the relocation agreement language obligated plaintiff, in exchange for relocation money, either to work for one year or to repay the relocation assistance. "The consideration exchanged by the parties does not include job security or [plaintiff's] assurance that [he] would not resign in less than a year and is, therefore, not an agreement for employment for one year and does not alter [defendant's] unfettered right to discharge at any time and without cause." Id. In addition, we note that the relocation agreement contains a specific disclaimer that it cannot be construed as a guarantee of employment for any specific period of time following relocation. See Duart, 859 F. Supp. at 1459-62 (discussing Wyoming law regarding effect of disclaimers).

Similarly, plaintiff's misrepresentation claims were properly dismissed. We agree with the district court that plaintiff did not plead facts with sufficient particularity to support a claim for fraudulent misrepresentation. See Duffy v. Brown, 708 P.2d 433, 437 (Wyo. 1985) (listing elements of fraudulent misrepresentation). Neither did plaintiff plead facts sufficient to support a claim of negligent misrepresentation. See Verschoor v. Mountain West Farm Bureau Mut. Ins. Co., 907 P.2d 1293, 1299 (Wyo. 1995) (listing elements of negligent misrepresentation). Plaintiff alleges that defendant misrepresented to him that he would be the only maintenance engineer at the Green River operation and that he would be "in line" for the plant supervisor position. These general allegations are insufficient to survive a 12(b)(6) motion and, in fact, when plaintiff was the only maintenance engineer at the Green River operation when he was hired.

Finally, contrary to plaintiff's assertion, the district court did not abuse its discretion in denying plaintiff's motion to amend. See Ramirez v. Oklahoma Dep't of Mental Health, 41 F.3d 584, 596 n.9 (10th Cir. 1994). Because the amendment added nothing new, the district court found that permitting amendment would be futile. Further, it found that the motion was "untimely and unduly prejudicial" because it was filed "well after the close of discovery and only three months prior to trial." App. at 60. In light of these findings, the district court acted within its discretion in refusing to allow amendment.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge