818 P.2d 626 (1991)
Edward R. CLARK, Appellant (Plaintiff),
v.
The INDUSTRIAL COMPANY OF STEAMBOAT SPRINGS, INC., a Delaware corporation; and TIC  the Industrial Company Wyoming, Inc., a Wyoming corporation, Appellees (Defendants).
No. 90-290.
Supreme Court of Wyoming.
October 2, 1991.
*627 Nicholas Vassallo and Harold F. Buck of Buck Law Offices, Cheyenne, for appellant.
Thomas W. Sullins, II, of Brown & Drew, Casper, for appellees.
Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.
GOLDEN, Justice.
Edward R. Clark (Clark) appeals the trial court's order granting summary judgment for The Industrial Company Wyoming, Inc. (TICW) in Clark's action against TICW for his on-the-job injuries. The trial court found that TICW was Clark's employer and was therefore immune from suit under the exclusive remedy provisions of the Worker's Compensation Act.
On appeal, Clark raises the following issues:
A. Is the existence of a "contract for hire" a necessary prerequisite to a defendant's status as an employer for purposes of workers' compensation immunity?
B. Can a "contract of hire" exist without an employee's express or implied knowledge or consent to the employment relationship?
Appellee's statement of the issue more clearly presents the procedural point to be resolved:
Whether the court below was correct in its decision granting summary judgment in favor of appellee the Industrial Company Wyoming, Inc. (TICW) based upon its dual findings that there was no genuine issue of material fact and that appellee the Industrial Company Wyoming, Inc. (TIW) was entitled to judgment as a matter of law pursuant to Wyoming's Worker's Compensation immunity statute.
We affirm the trial court's order granting summary judgment for TICW.

FACTS
Clark, a millwright, suffered serious injuries while working at a construction project at Kerr-McGee's Jacob's Ranch Mine. A coal chute struck the scaffolding on which he was standing and he fell to the concrete floor below, fracturing both of his heels and causing severe damage to the vertebrae in his back. Clark received worker's compensation benefits of over $89,000 as a result of this injury.
At the time of his fall, Clark was employed by The Industrial Company Wyoming, Inc. (TICW), a wholly-owned subsidiary of The Industrial Company of Steamboat Springs, Inc. (TICSS).[1] TICW was formed by TICSS in 1977 as a Wyoming corporation in order to benefit from the five percent in-state preference on state-funded projects. Before his employment by TICW at the Jacob's Ranch Mine, Clark had been employed by TICSS, the parent corporation, exclusively but intermittently, for a number of years. His most recent employment had been at TICSS's project at the Rochelle Mine in Campbell County, Wyoming. Clark's employment at the Rochelle job ended on February 20, 1987. He and most of his fellow employees at Rochelle were subsequently hired by TICW for the Jacob's Ranch project.
Clark claims that he was unaware at the time of the accident that he was employed by the subsidiary, TICW, rather than the parent company, TICSS. Clark testified at a deposition in this case that he had never heard of TICW until he took a warehouse job with them over a year after his accident. Some of his co-workers at the Jacob's Ranch job also testified that they either thought they were working only for TICSS or they were unsure whether they were working for TICW or TICSS.
*628 TICW made worker's compensation contributions for Clark while he was employed on the Jacobs Ranch project. Clark's paychecks at Jacob's Ranch were made from an account whose checks bore the name of "The Industrial Company of Wyoming, Inc. Subsidiary of The Industrial Company of Steamboat Springs, Inc." However, the words following "The Industrial Company" on the checks were in small type. Before beginning work with TICW, Clark filled out a W-4 form, but this form did not contain any information about who his employer was.
Clark sued TICSS in the district court on a negligence theory for the injuries he received at Jacob's Ranch. TICSS answered and then moved for dismissal which was converted to a motion for summary judgment by attachment of affidavits. See W.R.C.P. 12(b). Clark sought and was granted leave to file an amended complaint. His amended complaint named both TICW and TICSS as defendants. He alleged that the parent corporation was responsible for the torts of its subsidiary and of the parent's employees. He further alleged that the subsidiary was liable despite payment of worker's compensation benefits because it never informed Clark that he was not working for the parent corporation and thus he did not give his consent to the employment.
The trial court filed a decision letter granting summary judgment to TICW on appellant's amended complaint on October 18, 1990. The trial court stated that there was no genuine issue of material fact concerning TICW's status as Clark's employer. TICW was therefore entitled to summary judgment because of worker's compensation immunity. On October 23, 1990, Clark and TICSS filed a stipulation for dismissal with prejudice of the claims relating to TICSS. TICSS is not a party to this appeal. Clark took timely appeal of that portion of the court's order granting summary judgment for TICW.

STANDARD OF REVIEW
This court has set forth its standard of review of a trial court's order granting summary judgment in numerous, previously-published opinions. Most recently stated,
[w]e review a summary judgment in the same light as the district court, using the same materials and following the same standards. Summary judgment is proper only when there are no genuine issues of material fact and the prevailing party is entitled to judgment as a matter of law. (citations omitted.)
Zmijewski v. Wright, 809 P.2d 280, 282 (Wyo. 1991) (citations omitted).
Also,
[a] motion for summary judgment places an initial burden on the movant to make a prima facie showing that no genuine issue of material fact exists and that summary judgment should be granted as a matter of law. Rule 56(c), Wyoming Rules of Civil Procedure. Once a prima facie showing is made, the burden shifts to the party opposing the motion to present specific facts showing that a genuine issue of material fact does exist. We analyze challenges to a grant of summary judgment by reviewing the record in a light most favorable to the party opposing the motion giving him all favorable inferences that can be drawn from the facts. Conclusory statements or mere opinions are insufficient, however, to satisfy an opposing party's burden. (citations omitted.)
TZ Land & Cattle Co. v. Condict, 795 P.2d 1204, 1208 (Wyo. 1990) (quoting Boehm v. Cody Country Chamber of Commerce, 748 P.2d 704, 710 (Wyo. 1987)) (citations omitted).

DISCUSSION
Worker's compensation benefits generally constitute a worker's sole and exclusive remedy against his or her employer for accidents in the workplace.
The right of each employee to compensation from the [worker's compensation] fund shall be in lieu of and shall take the place of any and all rights of action against any employer contributing as required by law to the fund in favor of any *629 person or persons by reason of the injuries or death.
Wyo. Const. art. 10, § 4.
The worker's compensation statute in effect at the time of appellant's injury stated:
The rights and remedies provided in this act for an employee and his dependents for injuries incurred in extrahazardous employments are in lieu of all other rights and remedies against any employer making contributions required by this act, or his employees acting within the scope of their employment unless the employees are culpably negligent, but do not supersede any rights and remedies available to an employee and his dependents against any other person.
W.S. XX-XX-XXX(a) (June 1983 Repl.).[2]
The immunity provisions of the Worker's Compensation Act are to be narrowly construed. Fiscus v. Atlantic Richfield Company, 742 P.2d 198, 200 (Wyo. 1987), appeal after remand 773 P.2d 158 (1989). An entity asserting the defense of immunity under the worker's compensation statute must establish that it is (1) an employer, (2) who pays into the worker's compensation fund, (3) as required by law. See Stratman v. Admiral Beverage Corporation, 760 P.2d 974, 979 (Wyo. 1988); Fiscus, 742 P.2d at 200. At issue in this case is whether TICW was appellant's "employer" for purposes of the immunity statute. The trial court determined that TICW was appellant's employer, and therefore, granted TICW's motion for summary judgment.
Appellant argues that TICW was not his employer because he had no "contract of hire" with TICW. Appellant quotes Larson's discussion of the role of a "contract for hire" in worker's compensation cases:
The compensation "employee" concept has expanded beyond the common-law "servant" concept in its actual application. There is, however, one respect in which the compensation concept is narrower than that of the common laws; most acts insist upon the existence of a "contract of hire, express or implied," as an essential feature of the employment relation. At common law, it is perfectly possible to strike up a master-servant relation without a contract, so far as vicarious liability is concerned.
The reason for the difference between the two concepts is readily explained by the difference between the nature of the two liabilities involved.
Compensation law * * * is a mutual arrangement between the employer and employee under which both give up and gain certain things. Since the rights to be adjusted are reciprocal rights between employer and employee, it is not only logical but mandatory to resort to the agreement between them to discover their relationship. To thrust upon a worker an employee status to which he has never consented would not ordinarily harm him in a vicarious liability suit by a stranger against his employer, but it might well deprive him of valuable rights under the compensation act, notably the right to sue his own employer for common-law damages. This reasoning applies not only to the question of whether there is any employment relation at all, but also to the question whether one of two or more persons is an employer.
1C A. Larson, Workmen's Compensation Law § 47.10 at 8-285 to 289 (1990 ed.)
Unlike the statutes of many of the jurisdictions whose cases are cited in Larson's treatise, Wyoming's worker's compensation act does not contain an explicit, general "contract for hire" requirement. Our statute concerning coverage for out-of-state injuries does contain the requirement, but it is found nowhere else in the act. See W.S. XX-XX-XXX (June, 1983 Repl.).[3]
However, this court has judicially recognized the "contract for hire" requirement under certain circumstances. In Stratman, 760 P.2d at 980, this court adopted *630 the "contract for hire" requirement in cases involving joint employment. Joint employment occurs when "a single employee, under contract with two employers, and under the simultaneous control of both, simultaneously performs services for both employers, and when the service for each employer is the same as, or is closely related to, that for the other." 1C A. Larson, supra § 48.41 at 8-511, cited in Stratman, 760 P.2d at 980. In Stratman, the husband of an employee who was killed at a bottling plant sued the bottling plant owner (Fremont) and the owner of a related canning operation whose machine was involved in the accident (Admiral). Plant employees worked as needed in either bottling or canning; both enterprises were located in the same plant. Both Fremont and Admiral raised the defense of employer immunity. A primary issue in the case was whether Admiral and Fremont were "joint employers" of the decedent. We outlined a three-part test for determination of whether joint employment exists; the first element, or "critical threshold inquiry," was the existence of a contract of hire. Stratman, 760 P.2d at 980.
In this case, unlike Stratman, joint employment is not at issue. There are not two employers, each claiming entitlement to worker's compensation immunity. TICSS has already settled with appellant and has been dismissed from the case. Only TICW now claims immunity. The question thus becomes whether the "contract for hire" requirement ought to be expanded in this jurisdiction to cover the circumstances in this case.
The reasoning behind the rule seems to be that an employee should not be required to give up his common-law right of action against his employer in favor of worker's compensation without an agreement on his part to the employment relationship. We agree with this reasoning in principle, and with the Colorado courts that the rule should not be applied in a technical or formal way, but should be interpreted broadly to protect workers. Olsen v. Industrial Claims Appeals Office of the State of Colorado, slip op., 1991 WEST-LAW 64157 ___ P.2d ___ (Colo. App. 4-25-91) (employer estopped from asserting lack of contract for hire); Romero v. U-Let-Us Skycap Services, Inc., 740 P.2d 1004, 1005 (Colo. App. 1987). However, since the rule is not contained in our worker's compensation statute, we must also be careful not to apply it in ways which would frustrate the statutory purpose. Above all, we will seek to avoid an overly rigid or mechanical application of the rule which would lead to inequitable results.
As mentioned above, Larson extends the rule to cover situations in which there is a question about which of two entities is the injured workman's employer. He also apparently perceives a lack of consent similar to that of having an employment relationship "thrust upon" the employee in any circumstances when the employee agrees to be "employed" for purposes of worker's compensation but does not agree who his employer will be. We see a vast difference in the right the employee surrenders in the two situations. An employee who is mistaken about his employer but is willing to negotiate for worker's compensation with any employer does not necessarily suffer "prejudice" which rigid application of the a contract of hire requirement could cure. Therefore, we hold that in the absence of a joint employment dispute, an employee who agrees to be "employed" but is mistaken about the identity of his actual employer must affirmatively demonstrate either that the employee suffered harm because of being mistaken about the identity of his employer, or that his mistake about the employer's identity was due to bad faith or fraud by the employer.
In this case, there is no evidence of bad faith or fraud on the part of TICW. Appellant does not allege that he was unwilling to enter into an employment relationship with TICW, only that he did not know that TICW was his employer. It seems safe to say that appellant knew he was employed by someone, presumably TICSS, and that he would receive worker's compensation benefits if he were injured. Prejudice was particularly unlikely since *631 TICSS administered TICW's worker's compensation program. The evidence does not suggest that appellant would have refused to take the job at Jacob's Ranch or negotiated for independent contractor status had he known that TICW was his employer rather than TICSS. In sum, appellant gives us no reason why he would have been unwilling to accept employment and consequent worker's compensation benefits from TICW had he known the truth about the actual circumstances of his employment from the very beginning. Indeed, he did accept such benefits once they became available. Under the circumstances, application of the "contract for hire" rule would lead to a result which frustrates the purpose of the immunity rule contained in the worker's compensation act.

CONCLUSION
We recognize the "contract for hire" requirement in non-joint employer, worker's compensation cases where the employee suffers prejudice, either by having the employment relationship thrust upon him without his consent, or by having an employer thrust upon him under circumstances where he suffered harm from being mistaken about who the employer was or was misled as to the identity of the employer. In this case, none of the circumstances which justify application of the contract for hire rule are present. Therefore, TICW should not be stripped of its employer's immunity by failure to prove a contract for hire.
Furthermore, the other essentials of an employment relationship are not in question and may be established as a matter of law since appellant has not contested TICW's right to control his work on the Jacob's Ranch site in this appeal. See Boehm, 748 P.2d at 712-13. We hold that appellant has raised no genuine issue of material fact, and appellee is entitled to judgment as a matter of law. The trial court properly entered summary judgment for TICW on the basis of worker's compensation immunity.
Affirmed.
NOTES
[1] The Industrial Company of Steamboat Springs, Inc. is now known simply as "The Industrial Company." In order to facilitate differentiation between the parent and its subsidiary, we will continue to refer to The Industrial Company as TICSS.
[2] W.S. XX-XX-XXX through XX-XX-XXX were repealed and reenacted as W.S. XX-XX-XXX through XX-XX-XXX effective July 1, 1987, or approximately one month after appellant's accident. See 1986 Spec.Sess.Wyo. Sess. Laws ch. 3, § 3. The current version of this statute is found at W.S. XX-XX-XXX(a) (June 1991 Repl.).
[3] See footnote 2 for legislative history of this act to the present-day statute.