# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 110

APRIL TERM, A.D. 2014

September 5, 2014

HOLLI LUNDAHL,

Appellant
(Plaintiff),

v.

ROBERT GREGG, VICKY GREGORY,
KATHLEEN GITTENS, and WELLS
FARGO BANK,

Appellees
(Defendants).

S-13-0273

*Appeal from the District Court of Uinta County*
The Honorable Dennis L. Sanderson, Judge

*Representing Appellant:*
    Holli Lundahl, *pro se*.

*Representing Appellees:*
    No appearance.

*Before BURKE, C.J., HILL, KITE\*, and DAVIS, JJ., and CRANFILL, D.J.*

\*Chief Justice at time of expedited conference.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KITE, Justice.**

[¶1]  Holli Lundahl appeals from a district court order dismissing her case for failing to properly serve the defendants within ninety days of filing the complaint.  She contends service was proper on three of the defendants and the fourth defendant waived any objection to lack of proper service.  She further contends the district court erred in failing to enter a default against the defendants.  Finally, she asserts the district judge was biased against her and should have transferred the case to another district court as she requested.  We reverse and remand for further proceedings consistent with this opinion.

**ISSUES**

[¶2]  We paraphrase Ms. Lundahl's statements of the issues as follows:

1.      Whether Robert Gregg waived any objection to lack of proper service by making a general appearance and moving for dismissal of the claims against him without asserting lack of personal jurisdiction.

2.      Whether Vicky Gregory and Kathleen Gittens were properly served as provided in Wyo. Stat. Ann. § 5-1-107 and W.R.C.P. 4(l)(1).

3.      Whether Wells Fargo Bank (Wells Fargo) was properly served as provided in Wyo. Stat. Ann. § 17-28-104(b).

4.      Whether the district court erred in denying her request for entry of default against Wells Fargo, Ms. Gittens and Ms. Gregory.

5.      Whether the district court erred in declining to transfer the case to another district court.

**FACTS**

[¶3] Ms. Lundahl filed her complaint against the four defendants on January 25, 2013, in Uinta County, Wyoming.  She alleged that they conspired to fabricate a mental incompetency determination in connection with criminal proceedings filed against her in Utah.  The clerk of district court issued summonses for each of the defendants the same day the complaint was filed.  The record on appeal contains affidavits signed by someone named Helen Nelson stating that she had served copies of the summons and complaint on Ms. Gregory personally and by mail at her residence in Salt Lake City, Utah on March 16, 2013; on Ms. Gittens personally and by mail at her residence and by mail at her place of employment in Logan, Utah on March 14, 2013; on Mr. Gregg by certified mail at an address in Fort Worth, Texas on March 23, 2013; and on Wells Fargo by facsimile at its legal department in Maricopa County, Arizona on March 23, 2013.  The affidavits bear

1

the stamp of Utah notary public Steven Rey Fritts; however, they are signed Steven-Ray:Fritts.

[¶4]   None of the defendants answered the complaint within thirty days of service as required under W.R.C.P. 12.  On August 12, 2013, Ms. Lundahl filed a pleading to which she attached original certified mail return receipts for service on Mr. Gregg and Wells Fargo.  In contrast to the affidavits of service filed earlier, the return receipts showed service on Mr. Gregg on March 25, 2013, rather than March 23, 2013, and on Wells Fargo by certified mail rather than facsimile on March 26, 2013, rather than March 23, 2013.  In her pleading, Ms. Lundahl stated that the receipts were inadvertently mailed to her rather than the clerk of court as contemplated by W.R.C.P. 4(l)(2).[1]

[¶5]  On August 27, 2013, over five months after the dates the affidavit and return receipt indicated he had been served, Mr. Gregg filed a pro se motion to dismiss the claims against him, asserting no evidence existed that he had harmed Ms. Lundahl.  Concluding that Mr. Gregg's statements in his motion meant he was no longer involved in the alleged conspiracy against her, Ms. Lundahl moved to dismiss her claims against him without prejudice.  She asked the district court to enter certificates of default against the remaining defendants.  The district court declined to enter the certificates and did not rule on Ms. Lundahl's motion to dismiss the claims against Mr. Gregg.

[¶6]   In September 2013, Ms. Lundahl filed a motion asking the district court to reconsider its refusal to enter the defaults or, in the alternative, transfer the case to another county "where a fair trial can be had."  She subsequently filed a motion to transfer the case to Teton County pursuant to  W.R.C.P. 40.1(a)(1), asserting the Uinta County district judge was prejudiced against her.  On November 1, 2013, citing Rule 203(b) of the Uniform Rules for District Courts, the district court entered an order dismissing the complaint on the ground that none of the defendants had been properly served with process and nine months had passed since the complaint was filed.[2]  It does not appear from the record that a hearing was conducted prior to the dismissal and the district court's order contains no findings supporting dismissal.  Ms. Lundahl appealed from the order of dismissal.

## STANDARD OF REVIEW

---

[1] Both return receipts are addressed to Elham Nelson in Meridian, Idaho, not to the clerk of court.  The return receipt for service on Mr. Gregg is not marked "Restricted Delivery" as required by Rule 4 and the Wells Fargo return receipt contains a California address, rather than the Arizona address stated on the affidavit of service.

[2] Rule 203(b) provides:  "Cases on file for 90 days without service on the defendant will be dismissed by the court.  Upon application to the court before the expiration of 90 days, and showing good cause, the time may be extended."

[¶7] Proper service of process is necessary to acquire personal jurisdiction over a defendant under the due process provisions of both the federal and state constitutions. *Gookin v. State Farm Fire and Cas. Ins. Co.*, 826 P.2d 229, 232 (Wyo. 1992), citing Wyo. Const. art. 1, § 6; U.S. Const. amend. XIV, § 1. We review factual determinations relating to service of process by accepting the evidence of the prevailing party as true and giving that party the benefit of all favorable inferences that can fairly be drawn from the evidence while disregarding conflicting evidence. *Rosty v. Skaj*, 2012 WY 28, ¶ 22, 272 P.3d 947, 955 (Wyo. 2012). Where the facts of service are not in dispute, the issue of adequate service of process is a matter of law and is reviewed *de novo*. *Id.* We likewise review a district court's application of court rules *de novo*. *Tafoya v. Tafoya*, 2013 WY 121, ¶ 7, 309 P.3d 1236, 1238 (Wyo. 2013).

## DISCUSSION

### 1. *Service of Process.*

[¶8] The federal constitution restrains state court actions against non-resident defendants. *Gookin*, 826 P.2d at 232.

> The Due Process Clause of the Fourteenth Amendment operates as a limitation on the jurisdiction of state courts to enter judgments affecting rights or interests of nonresident defendants. It has long been the rule that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. The existence of personal jurisdiction, in turn, depends upon the presence of reasonable notice to the defendant that an action has been brought, and a sufficient connection between the defendant and the forum State to make it fair to require defense of the action in the forum. (internal citations omitted).

*Id.*, quoting *Kulko v. Superior Court of California In and For City and County of San Francisco*, 436 U.S. 84, 91, 98 S. Ct. 1690, 1696, 56 L. Ed. 2d 132, reh'g denied 438 U.S. 908, 98 S. Ct. 3127, 57 L. Ed. 2d 1150 (1978).

[¶9] A court does not acquire personal jurisdiction over a party that has not been properly served. *Rosty,* ¶ 22, 272 P.3d at 955.

> A summons is "the means of compelling a defendant to subject his person to the jurisdiction of the court from which the summons issues." Strict compliance with the requirements of service of process is mandatory. Any

3

omissions of statements that are required under W.R.C.P. 4 are fatal and such omission prevents the trial court from obtaining jurisdiction of the defendant. A judgment entered without proper service of the summons is void and subject to attack directly or collaterally.

*Id*., quoting *Hoke v. Motel 6 Jackson & Accor N. Am., Inc*., 2006 WY 38, ¶ 7, 131 P.3d 369, 374 (Wyo. 2006).

[T]he burden of proof to establish the validity of the service is on the party on whose behalf the service is accomplished. See 4 Wright and Miller, Federal Practice and Procedure, § 1083, p. 384 (1969), and cases cited therein. Normally, however, the process server's return will provide a prima facie case as to the facts of service, and the burden shifts to the defendant to rebut the proof.

*Rosty*, ¶ 25, 272 P.3d at 956.

[¶10] The following provisions governed service of process on Ms. Gregory, Ms. Gittins and Mr. Gregg:

**§ 5-1-107. Personal jurisdiction; service of process outside state.**

(a) A Wyoming court may exercise jurisdiction on any basis not inconsistent with the Wyoming or United States constitution.
(b) When the exercise of personal jurisdiction is authorized by this section, service may be made outside this state and proved according to the Wyoming Rules of Civil Procedure or any order of the court.

**Rule 4. Process.**
. . . .
(l) *Other service; personal service outside the state; service by registered or certified mail*. – In all cases where service by publication can be made under these rules, or where a statute permits service outside this state, the plaintiff may obtain service without publication by either of the following methods:
(1) Personal Service Outside the State. – By delivery to the defendant of copies of the summons and complaint.

4

(2) Service by Registered or Certified Mail. – Upon the request of any party the clerk shall send by registered or certified mail a copy of the complaint and summons addressed to the party to be served at the address given in the affidavit required under subdivision (f) of this rule. The mail shall be sent marked 'Restricted Delivery', requesting a return receipt signed by the addressee or the addressee's agent who has been specifically authorized in writing by a form acceptable to, and deposited with, the postal authorities. When such return receipt is received signed by the addressee or the addressee's agent the clerk shall file the same and enter a certificate in the cause showing the making of such service.

[¶11]  Ms. Lundahl contends first that Mr. Gregg waived any objection based upon improper service of process when he filed his motion to dismiss without asserting the objection.  Wyoming law is clear that when a defendant appears voluntarily, without questioning the court's personal jurisdiction, that appearance is the equivalent of proper service of process. *Operation Save America v. City of Jackson*, 2012 WY 51, ¶ 54, 275 P.3d 438, 456 (Wyo. 2012).  By not questioning the court's personal jurisdiction when he filed his motion to dismiss, Mr. Gregg waived his objection and submitted himself to the jurisdiction of the court.  The district court erred in dismissing the claims against him on the basis of improper service of process.[3]

[¶12]  Ms. Lundahl next asserts the district court erred in dismissing her claims against Ms. Gregory and Ms. Gittens because they were properly served at their out of state places of residence as provided in § 5-1-107 (LexisNexis 2013) and W.R.C.P. 4(l)(1).  Personal service of process on non-residents at their place of residence is expressly provided for in Rule 4(l)(1).  However, in the present case, questions of fact exist as to the validity of the service on Ms. Gregory and Ms. Gittens.  As noted, although the affidavits of service bear the stamp of a Utah notary, his name is misspelled on the signature line.  We conclude this inconsistency is sufficient to call into question whether the affidavits of service establish a prima case as to the validity of service.  On remand, Ms. Lundahl, as the party asserting the validity of the service, will have the burden of proving its validity.

---

[3] The pro se motion to dismiss filed in Mr. Gregg's name is suspicious.  In the event it could be determined that Mr. Gregg did not file it, the waiver rule would not apply and the discussion that follows in the text of this opinion would also apply to the affidavit of service concerning Mr. Gregg.  That is, Ms. Lundahl would have the burden to prove service of process on Mr. Gregg was valid.  We also note that the district court could have dismissed the claims against Mr. Gregg pursuant to W.R.C.P. 41(b)(2) which provides for involuntary dismissal by the court when an action is not prosecuted or brought to trial by due diligence.  On remand, dismissal under that rule is still an option.

[¶13]   Ms. Lundahl also contends service on Wells Fargo was proper.   Rule 4(d)(4) provides for service of process upon a corporation:

> by delivery of copies to any officer, manager, general agent, or agent for process.  If no such officer, manager or agent can be found in the county in which the action is brought such copies may be delivered to any agent or employee found in such county.  If such delivery be to a person other than an officer, manager, or general agent or agent for process, the clerk, at least 20 days before default is entered, shall mail copies to the corporation by registered or certified mail and marked "restricted delivery" with return receipt requested, as its last known address.

[¶14]   Alternatively, the following statutory provision applies to service on a corporation:

> **§ 17-28-104. Service on business entity.**
>
> (a) A business entity's registered agent, or the natural person having an agency relationship with the registered agent as provided in W.S. 17-28-101(a), shall accept service of process, notice, or demand required or permitted by law that is served on the entity.
> (b) If a business entity has no registered agent, or the agent cannot with reasonable diligence be served, the entity may be served by registered or certified mail, return receipt requested, addressed to the entity at its principal office. Service is perfected under this subsection at the earliest of:
> (i) The date the entity receives the mail;
> (ii) The date shown on the return receipt, if signed, either manually or in facsimile, on behalf of the entity; or
> . . . .
> (c) A business entity may be served as provided in this section or as provided in the Wyoming Rules of Civil Procedure.

[¶15]   The affidavit of service suggests Wells Fargo was served by facsimile.  Service by facsimile is not allowed under either the statute or the rule.  Ms. Lundahl later produced a return receipt indicating service was accomplished by certified mail.  However, the affidavit of service for Wells Fargo suffers from the same inconsistency as the affidavits for Ms. Gregory and Ms. Gittins—the notary signature does not match the spelling on the notary stamp.  The Wells Fargo affidavit also indicates a different service date than the date on the certified mail return receipt.  Questions exist concerning whether the affidavit

6

of service on Wells Fargo established a prima case of valid service and Ms. Lundahl must prove its validity.

## 2. *Entry of Default*

[¶16] Ms. Lundahl contends the district court erred in not entering defaults against Ms. Gregory, Ms. Gittins and Wells Fargo. W.R.C.P. 55(a) provides as follows:

> (a) *Entry.* – When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Pursuant to this provision, the clerk was required to enter a default against Ms. Gregory, Ms. Gittins and Wells Fargo upon presentation of affidavits indicating they had failed to plead or otherwise defend. As we have said, the difficulty in this case is that the affidavits of service raise factual questions about the validity of service. Until Ms. Lundahl has proven service was valid, no default should be entered.

## 3. *Motion to Transfer*

[¶17] In her final issue, Ms. Lundahl asserts the district court erred in not granting her motion to transfer the case to a court in another county. She filed the motion pursuant to W.R.C.P. 40.1(b)(2), which provides in pertinent part as follows:

> (2) Disqualification for Cause. – Whenever the grounds for such motion become known, any party may move for a change of district judge on the ground that the presiding judge: . . . (E) is biased or prejudiced against the party or the party's counsel. The motion shall be supported by an affidavit or affidavits of any person or persons, stating sufficient facts to show the existence of such grounds.

This provision requires a motion for disqualification for cause to be supported by affidavit. Nothing in the record indicates Ms. Lundahl's motion was supported by an affidavit. For that reason alone, the district court did not err in declining to grant the motion. Additionally, although Ms. Lundahl asserted in her motion that the Uinta County district judge was prejudiced against her because he refused to enter defaults in this and another case, that assertion is insufficient to show prejudice. Particularly where, as here, legitimate questions exist as to the validity of service of process, the district judge's decision not to enter defaults was justified.

7

[¶18] The case is reversed and remanded for a hearing to determine the validity of service of process.